UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GEORGE RIVERA                                                          :

                    Plaintiff,                              :   **COMPLAINT &**
                                                                  **JURY DEMAND**

  - against -                                                       :
                                                          Civil Case No.

GREATER HUDSON VALLEY HEALTH SYSTEM        :
(NOW KNOWN AS GARNET HEALTH) ("GHVHS"),
ORANGE REGIONAL MEDICAL CENTER ("ORMC"),   :                               _____
TRISH MANNA, in her corporate capacity as GHVHS
Director of Compliance, Audit & HIPAA Privacy and in her:
Individual capacity, STEPHEN SUGRUE, in his corporate
capacity as then GHVHS VP of Compliance, Audit & Real  :
Estate and in his individual capacity, JOANNE HUBER-
STURANS, in her corporate capacity as GHVHS Chief     :
Human Resources Officer and in her individual capacity,
LAUREN CARBERRY, in her corporate capacity as          :
ORMC's Director of Employee & Labor Relations and in
her individual capacity, and GREGG HOUGH, in his       :
corporate capacity as GHVHS-ORMC Director of Safety
Security & Emergency Management and in his individual  :
Capacity,
                                                       :
                    Defendants.
------------------------------------------------------------------------X

By and through his counsel, Jimmy M. Santos, Esq., of the LAW OFFICES OF JIMMY M. SANTOS, PLLC, Plaintiff George Rivera ("Plaintiff" or "Mr. Rivera"), hereby avers against Defendants:

### I. THE PARTIES, JURISDICTION & VENUE

1. Plaintiff George Rivera is a sixty-four (64) year old Hispanic male of Puerto Rican national origin. He resides at 22 Kings Drive, Middletown, Orange County, New York 10941.

1

2. At all relevant times, Mr. Rivera was employed by Defendant Orange Regional Medical Center ("ORMC") which is part of the Greater Hudson Valley Health System (now known as Garnet Health) (collectively, "GHVHS"), a New York State not-for-profit corporation.

3. ORMC is located at 707 East Main Street, Middletown, Orange County, NY 10940, and serves as GHVHS's headquarters.

4. At all relevant times, GHVHS had more than twenty (20) employees, including the Plaintiff, and is an "employer" as that term is defined under 42 U.S.C. § 2000d *et seq.* ("Title VII"), 29 U. S.C. § 621, *et seq.*, the Age Discrimination in Employment Act of 1967 (the "ADEA"), and N.Y Executive Law § 291, *et seq.*, the NYS Human Rights Law (or the "NYSHRL").

5. According to ORMC's website, Defendant GHVHS was named "one of the 2019 World's Most Ethical Companies" by "Ethisphere".

6. According to ORMC's website, Defendant GHVHS "is a New York State, not-for-profit corporation headquartered in the ORMC's location in Middletown, New York, approximately 60 miles north of New York City [and] [sic] Garnet Health is comprised of Catskill Regional Medical Center, Grover Hermann Medical Center, Orange Regional Medical Center, Catskill Regional and Orange Medical Groups and Orange Regional Medical Center Foundation."

7. According to ORMC's website, as per ORMC's Values Statement, ORMC Values include: [placing] [p]atients and families first; operational excellence; [h]onesty, integrity and transparency in action; [t]eamwork, collaboration and

*communication; [a]ccountability*; and an *[i]mpeccable, healing environment*" (emphasis added).

8. At all relevant times, Defendant TRISH MANNA ("Manna"), a Caucasian female, served as GHVHS's Director of Compliance, Audit & HIPAA Privacy, and aided and abetted, condoned, ratified and/or directly participated in:

   (a) the discrimination against Mr. Rivera on the basis of his age (being 64), race (Hispanic), and/or national origin (Puerto Rican); *and/or*

   (b) the retaliation against Mr. Rivera for complaining about unlawful age discrimination and for making complaints to Defendants with respect to GHVHS's violation of applicable laws, rules and/or regulations which endangered the health and safety of ORMC's patients, employees and visitors.

9. At all relevant times, Defendant STEPHEN SUGRUE ("Sugrue"), a Caucasian male, served as GHVHS VP of Compliance, Audit & Real Estate, and aided and abetted, condoned, ratified and/or directly participated in:

   (a) the discrimination against Mr. Rivera on the basis of his age (being 64), race (Hispanic), and/or national origin (Puerto Rican); *and/or*

   (b) the retaliation against Mr. Rivera for complaining about unlawful age discrimination and for making complaints to Defendantts with respect to GHVHS's violation of applicable laws, rules and/or regulations which endangered the health and safety of ORMC's patients, employees and visitors.

10. At all relevant times, Defendant JOANNE HUBER-STURANS ("Sturans"), a Caucasian female, served as GHVHS Chief Human Resources Officer, and aided and abetted, condoned, ratified and/or directly participated in:

      (a) the discrimination against Mr. Rivera on the basis of his age (being 64), race (Hispanic), and/or national origin (Puerto Rican); <u>*and/or*</u>

      (b) and/or the retaliation against Mr. Rivera for complaining about unlawful age discrimination and for making complaints to Defendants with respect to GHVHS's violation of applicable laws, rules and/or regulations which endangered the health and safety of ORMC's patients, employees and visitors.

11. At all relevant times, Defendant LAUREN CARBERRY ("Carberry"), a Caucasian female, served as ORMC's Director of Employee & Labor Relations, and aided and abetted, condoned, ratified and/or directly participated in:

      (a) the discrimination against Mr. Rivera on the basis of his age (being 64), race (Hispanic), and/or national origin (Puerto Rican); <u>*and/or*</u>

      (b) and/or the retaliation against Mr. Rivera for complaining about unlawful age discrimination and for making complaints to Defendantts with respect to GHVHS's violation of applicable laws, rules and/or regulations which endangered the health and safety of ORMC's patients, employees and visitors.

12. At all relevant times, Defendant GREGG HOUGH ("Hough"), a Caucasian male, served as ORMC's Director of Security, and aided and abetted, condoned, ratified and/or directly participated in:

      (a) the discrimination against Mr. Rivera on the basis of his age (being 64), race (Hispanic), and/or national origin (Puerto Rican); <u>*and/or*</u>

      (b) and/or the retaliation against Mr. Rivera for complaining about unlawful age discrimination and for making complaints to Defendants with respect to

        GHVHS's violation of applicable laws, rules and/or regulations which endangered the health and safety of ORMC's patients, employees and visitors.

13. This Court has personal jurisdiction over all the defendants, pursuant to NY CPLR sec. 301, since all defendants have "engaged in such a continuous and systematic course of doing business [in New York state] as to warrant a finding of [all defendants to be present] in this jurisdiction."

14. Moreover, for purposes of establishing subject matter jurisdiction and personal jurisdiction over all the defendants for plaintiff's claims under the NYSHRL, defendants' "unlawful discriminatory practices [sic] affected the terms, conditions, or privileges of [Mr. Rivera's] employment in New York and had a discriminatory impact on Plaintiff in New York."

15. This court has federal question jurisdiction over plaintiff's claims under Title VII and ADEA and is invoked pursuant to 42 USC. secs. 12102, *et seq.* and 29 U.S.C. § 621, *et seq.*, the Age Discrimination in Employment Act of 1967 (the "ADEA" and under 28 USC secs. 1331 and 1343.

16. The jurisdiction of this Court over plaintiff's claims under the NYSHRL is invoked pursuant to 28 USC sec. 1367(a) since plaintiff's federal and New York state claims all "stem from the same nucleus of operative facts."

17. Prior to filing this action with the Court with respect to plaintiff's claims of unlawful discrimination under the ADA, Plaintiff received a right to sue letter dated November 16, 2020 from the EEOC and commenced this action within ninety (90) days of plaintiff's receipt of the same, and which is annexed hereto.

18. Venue is proper in this judicial district (the "SDNY") since all of defendants' unlawful employment practices and decisions alleged herein, and/or the adverse effects from these practices and decisions on the terms and conditions of Plaintiff's employment at GHVHS "took place", were committed and/or occurred in this judicial district pursuant to 28 USC sec. 1391.

## II. FACTUAL AVERMENTS

19. In or about August 2014, GHVHS hired Mr. Rivera in the position of Armed Security Officer at GHVHS's ORMC facility.

20. In his position as Armed Security Officer at GHVHS, Plaintiff's duties and responsibilities included but were not limited to safety and security of patients, staff and visitors, etc.

21. At all relevant times, throughout his entire employment with GHVHS, Mr. Rivera performed his duties in a highly satisfactory and professional manner.

22. From the time Mr. Rivera was hired by GHVHS until in or about May 2019, no one criticized his work performance.

23. In or about January 2017, GHVHS promoted Mr. Rivera to the position of GHVHS Manager of Safety, Manager of Emergency Management and lastly GHVHS Manager of Security by then Director of Security Miguel Rodrigues and Administrator Richard Carey.

24. Between January 2017 and May 2019, Plaintiff performed all the duties of his as GHVHS Manager of Safety in a highly satisfactory and professional manner.

25. In or about May 2019, Defendant Hough took away some of the pertinent duties of a security manager and re-assigned them to Mollie Kennedy, a Caucasian female in her early '30s who had no known experience in the security field.

26. In or about May 2019, Mr. Rivera complained in good faith to Sturans that Plaintiff felt he had been subjected to age discrimination when Hough reassigned these pertinent duties.

27. Thereafter, in May or June 2019, at a follow-up meeting in which Mr. Rivera, and Sturans, Sugrue, Mary Jo Levins (HR business partner), and Hough participated, Mr. Rivera made the same complaint in good faith that he felt he had been subjected to unlawful age discrimination by Hough.

28. At that meeting, Mr. Rivera revealed that Hough wanted Mr. James Grimm ("Grimm"), a Security Officer (in his 70s') targeted and written up in order to build a case for terminating him.  Attached hereto as exhibit 1 is a copy of Mr. Rivera's email to Carberry sent on November 29, 2019.

29. Thereafter, Hough retaliated against Mr. Rivera by increasing his micro-management, hyper-scrutiny, unjustified criticism and mistreatment of Mr. Rivera.

30. Mr. Rivera contacted Hough and ORMC EVS (environmental services) contractors Joseph Adonnino ("Adonnino"), and Lysha Arroya ("Arroya") on October 7, 2019 wherein he notified them that a cleaning contractor's employee's ID was being fraudulently used by another and/or other employees of the cleaning contractor's at ORMC.

31. Immediately after Plaintiff's complaint, Hough's retaliation against Mr. Rivera increased substantially.

32. This fraudulent use of work IDs and subsequent "cover-up" constituted a significant security breach and danger to the health and safety of patients, employees, and visitors in violation of applicable laws, rules and regulations as well as GHVHS's policy #120112.

33. Soon after Mr. Rivera's initial complaint on October 7th, Mr. Rivera followed up by "report[ing] [the] grievous security breach perpetrated by the vendor [the cleaning service contractor] and the cover-up that followed orchestrated by the Directors of Security [Hough], EVS and the owner of the contracted company".

34. A few days after Mr. Rivera's making his initial report of the breach and cover-up, Hough retaliated against Plaintiff by placing Mr. Rivera on a Performance Improvement Plan ("PIP") and Corrective Action Record ("CAR") without any basis in fact, and as a pretext for unlawful retaliation for Mr. Rivera's opposing unlawful age discrimination and for his reporting the security breach.

35. Hough's placing Mr. Rivera on a PIP and giving him a CAR were also pretext for unlawful retaliation since Mr. Rivera had been performing his job functions satisfactorily until the day he was terminated, which was reported to GHVHS.

36. On November 29th, Mr. Rivera followed-up by sending another email to Carberry in which he reiterated and outlined: the age discrimination to which he in good faith believed he had been subjected; the retaliation against him for Mr. Rivera's good faith complaint of age discrimination, and the retaliation against

him for his reporting the security breach of the fraudulent use of IDs (of others) by the cleaning contractor employees and subsequent cover-up.

37. Thereafter, on or about October 14th and/or 15th, Hough intensified his discrimination and retaliation against Mr. Rivera by re-issuing another PIP and CAR as pretext for Hough's unlawful discrimination and retaliation for his reporting Hough's discriminatory acts.

38. On January 30, 2020, GHVHS terminated Mr. Rivera on the basis of his age, race (Hispanic), and national origin (being Puerto Rican) and in retaliation for his complaining of this discrimination

39. At all relevant times, each Defendant aided and abetted, ratified, condoned and/or directly participated in the unlawful age discrimination against Mr. Rivera by Hough, and/or in the unlawful retaliation against Mr. Rivera by Hough for his complaining about the age discrimination and for complainant's whistleblowing activities.

40. At all relevant times, Defendants subjected Mr. Rivera to disparate treatment/ discrimination based on his race and national origin in comparison to the Hough's more favorable treatment given to complainant's Caucasian and North American born co-workers.

41. As evidence of Hough's racial bias, at all relevant times, Hough has engaged in a pattern and practice of discriminating (in and out of GHVHS) against Latino security officers or Latinos in general in comparison to Hough's favorable treatment of Caucasian security officers by disciplining the Latino SOs more

harshly than the Caucasian security officers for the same or lesser offenses/ misconduct and/or the same or poorer job performance.

42. In or about from 2017 until the time Mr. Rivera was terminated on January 30, 2020, GHVHS paid Mr. Rivera at a minimum $40,000.00 less than the annual salaries of Gregg Hough, Dean Nace, and Miguel Rodrigues, all Caucasian males, although Mr. Rivera had performed their combined job descriptions and functions as Manager of Security, Manager of Safety, and Manager of Emergency Management respectively.

43. At all relevant times, each Defendant aided and abetted, ratified, condoned and/or directly participated in the unlawful race and national origin discrimination against Mr. Rivera by Hough and other associates Greg Mills, Mollie Kennedy, and Jarrod Esposito, who are all Caucasians.

44. As a result of Defendants' age, national origin and race discrimination and unlawful retaliation against Plaintiff and his unlawful termination, Mr. Rivera has and will likely continue to suffer significant economic consequences, including lost back and front wages, as well as physical sickness and emotional distress.

45. Defendants' acts of unlawful discrimination and retaliation were intentional reckless malicious and wanton, and Defendant GHVHS should be punished and deterred by imposing punitive and/or liquidated damages against it.

46. Defendants' disparate treatment and termination of Mr. Rivera's employment

due to his age, race and national origin, and in retaliation for his opposing the unlawful age discrimination were intentional and in violation of the Title VII, the ADEA, and the NYSHRL.

### AS AND FOR PLAINTIFF'S 1ST CAUSE OF ACTION AGAINST DEFENDANTS FOR DISCRIMINATING AGAINST PLAINTIFF DUE TO HIS RACE (BEING HISPANIC) & NATIONAL ORIGIN (BEING PUERTO RICAN) IN VIOLATION OF TITLE VII.

47. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs "1" through "46" above.

48. As described in more detail above, defendant GHVHS subjected Plaintiff to disparate and inferior treatment in comparison to Plaintiff's Caucasian co-workers, which was due, in whole or in substantial part, to Plaintiff's race and/or country of national origin.

### AS AND FOR PLAINTIFF'S 2ND CAUSE OF ACTION AGAINST DEFENDANTS FOR DISCRIMINATING AGAINST PLAINTIFF DUE TO HIS AGE IN VIOLATION OF THE ADEA.

49. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs "1" through "48" above.

50. As described in more detail above, defendant GHVHS subjected Plaintiff to disparate and inferior treatment in comparison to Plaintiff's younger co-workers (in their 20s), which was due, in whole or in substantial part, to Plaintiff's age.

### AS AND FOR PLAINTIFF'S 3RD CAUSE OF ACTION AGAINST DEFENDANTS FOR DISCRIMINATING AGAINST PLAINTIFF DUE TO HIS RACE, NATIONAL ORIGIN AND/OR AGE IN VIOLATION OF THE NYSHRL.

51. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs "1" through "50" above.

52. As described in more detail above, defendant GHVHS subjected Plaintiff to disparate and inferior treatment in comparison to Plaintiff's Caucasian and young coworkers, including but not limited to its removal of his pertinent duties as security manager which was due, in whole or in substantial part, to his race, national origin, and/or age.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court empanel a jury of his peers and enter judgement against Defendants as follows, in an amount to be determined at trial, inclusive but not limited to:

(a) an award of full compensatory damages against defendants for their unlawful discriminatory acts against him in an amount to be determined at trial, including payment for Plaintiff suffering severe physical and mental distress and injury, mental anguish, humiliation, and embarrassment from defendants' unlawful discriminatory acts under the Title VII, ADEA, and the NYSHRL;

(b) an award of liquidated and/or punitive damages against all defendants for their agents' intentional and malicious unlawful discriminatory acts against Plaintiff in an amount to be determined at trial under the Title VII, ADEA, and the NYSHRL;

(c) an award of Plaintiff's reasonable attorney's fees and the costs of prosecuting this action under 42 USC sec. 1988, 42 USC sec. 1981a, Title VII, the ADEA, and the NYSHRL;

*and*

(d) any such other and further relief that this Court may deem just and proper.

Dated: February 15, 2021
Cornwall, New York

                                      Respectfully Submitted,

*Jimmy M. Santos*
 /S/ _____
Jimmy M. Santos, Esq. (0947)
LAW OFFICES OF JIMMY M. SANTOS, PLLC
28 Wilson Place
Cornwall, New York 12518   `
Telephone: (845) 537-7820
Fax:    (845) 595-2266
Email: jmssesq@gmail.com
*Attorney for Plaintiff Mr. George Rivera*